UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHASE JOSLIN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ADA COUNTY MISDEMEANOR PROBATION; and DIANNA ARCECHINCHILLA, an individual,<br><br>Defendant. | Case No. 1:21-cv-00382-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court are (1) Defendants Ada County Misdemeanor Probation and Dianna Arce-Chinchilla's Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to State a Claim (Dkt. 9) and (2) Plaintiff's Motion for Declaratory Judgment (Dkt. 14). For the reasons explained below, the Court will grant the motion to dismiss and deny the motion for declaratory judgment.

# BACKGROUND

Plaintiff Chase Joslin, proceeding *pro se*, filed his Complaint in this case on September 22, 2021, naming Ada County Misdemeanor Probation and Dianna

Arce-Chincilla as defendants. The Complaint alleges that Defendant Arce-Chincillla made a fraudulent statement to Plaintiff's spouse, Melinda Joslin, regarding the terms of her probation.

Melinda Joslin was sentenced to two years of supervised probation on February 3, 2021, in state criminal case Ada County case number CR01-20-49726. *See* Dkt. 13 and 14. The Order setting forth the terms of Ms. Joslin's supervised probation include a term prohibiting her from using, possessing, or distributing any alcoholic beverages or controlled substances while on probation and requiring her to submit to testing for these substances as directed by the court, treatment providers, or the probation officer. *Compl.*, Ex. A, p. 6, Dkt. 1-2. This provision further states that Ms. Joslin "shall be truthful in said testing and shall not ingest substances or take any actions in an attempt to mask or alter the test results," and provides any such attempts "shall be considered the same as a presumptive positive result." *Id.*

Plaintiff listed one "claim" against Defendant Arce-Chinchilla pursuant to 18 U.S.C. § 1001. Plaintiff alleges "[a] fraud has been committed" by Defendant Arce-Chinchilla when she told Melinda Joslin that diluted urinary analysis test results could possibly result in a probation violation. *Compl.*, p. 1, Dkt. 1. Plaintiff makes no other allegations or factual statements in his Complaint. *Id.*

## LEGAL STANDARD

As federal courts are courts of limited jurisdiction, a plaintiff has the burden to establish that his case is properly in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the federal court to assert subject-matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Rule 12(b) (1) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for lack of subject-matter jurisdiction. "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A Rule 12(b)(1) challenge is appropriate when, for example, a claim, on its face, is barred by the sovereign immunity doctrine. *See* Wright & Miller, 5B Federal Practice & Procedure: Civil 3d, § 1350 at 79 (2004).

The purpose of a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the formal sufficiency of the statement of the claim for relief. A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When the plaintiff appears *pro se*, the Court must construe the allegations of the complaint

liberally and must afford the plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

A *pro se* litigant whose complaint is dismissed upon a Rule 12(b)(6) motion must be given leave to amend unless it is absolutely clear that the deficiencies of

the complaint could not be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987). "Leave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to pro se plaintiffs." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (quoting *Lopez*, 203 F.3d at 1130, 1131). Nevertheless, "[u]nder Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez*, 203 F.3d at 1129. Where an amendment to the complaint would be futile, the court may exercise its discretion and deny leave to amend. *Id.*

## ANALYSIS

Plaintiff attempts to bring a civil lawsuit against his wife's state probation officer for an alleged violation of 18 U.S.C. § 1001, a federal criminal statute. Defendants argue that Plaintiff lacks standing to pursue this claim on behalf of his wife, and even if he had standing, he lacks a private right of action under 18 U.S.C. § 1001. The Court agrees.

1. **Plaintiff Lacks Standing.**

To possess standing to sue, a plaintiff must have (1) suffered an injury-in-fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3)

likely to be redressed by a favorable judicial decision. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (*Spokeo II*). To establish injury-in-fact, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). To be considered "concrete," the injury "must be 'de facto'; that is, it must actually exist." *Id.*

In other words, of significance here, a plaintiff "may not show an injury-in-fact merely by pointing to a statutory cause of action." *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017) (*Spokeo* III); *see also Spokeo* II, 136 S. Ct. at 1549 ("Article III standing requires a concrete injury even in the context of a statutory violation" and plaintiff therefore cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."). Rather, a two-part test has evolved in the Ninth Circuit for determining whether a plaintiff's alleged statutory violation constitutes a concrete injury-in-fact: "(1) whether the statutory provisions at issue were established to protect [the plaintiff's] concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Spokeo III*, 867 F.3d at 113.

MEMORANDUM DECISION AND ORDER - 6

Here, any standing argument fails out of the gate: Plaintiff cannot establish that he suffered any alleged concrete and *particularized* injury to himself. Plaintiff alleges that a "fraud has been committed in violation of 18 U.S.C. § 1001 by the introduction and enforcement of conditions for performance that our outside the perimeter of the signed SUPERVISED MISDEMEANOR PROBATION ORDER." *Compl.*, p. 1, Dkt. 1. Any alleged false statement made by Defendant Dianna Stephanie Arce-Chincilla and arising from the Supervised Misdemeanor Probation Order was made – not to Plaintiff – but to Melinda Joslin. In other words, any alleged injury in this case befell Ms. Joslin, not the Plaintiff. Courts have long "adhered to the rule that a party must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)) (internal quotation marks omitted). Because Plaintiff has failed to identify any injury in fact he personally suffered, he lacks standing; and his claim must therefore be dismissed.

2.     **Plaintiff Has No Private Right of Action under 18 U.S.C. § 1001.**

Plaintiff's claim fails for the additional reason that the criminal statute, 18 U.S.C. § 1001, does not provide citizens a private cause of action, and no basis exists for implying a civil cause of action under the statute. *See, e.g., Fed. Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137 (4th Cir. 1987). "To determine the

propriety of implying a cause of action from federal statutes, our focus must be on the intent of Congress when it enacted the statutes...." *Id.* (quoting *Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 536 (1984) (internal quotation marks omitted). "The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). "Statutory intent on this latter point is determinative." *Id.* "Without it, a cause of action does not exist, and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Id.*

In *Reeves*, after considering the legislative history, the Fourth Circuit specifically found no evidence of congressional intent to create a civil cause of action under 18 U.S.C. § 1001. *Reeves*, 816 F.2d at 138 ("[T]here is no affirmative indication that Congress intended to furnish civil remedies" under 18 U.S.C. § 1001). The Court, like the *Reeves* court, can find no basis to imply a civil remedy under the statute. As noted by the court in *Reeves*, "the Senate Report and other statements included in the legislative history make no mention of possible civil remedies; indeed, they focus on the value of expanding the statute's criminal sanctions." *Id.* (citing S. Rep. No. 2730, 1956 U.S. Code Cong. & Admin. News 3662–65). And while the statute has been amended since *Reeves*, Congress still has not indicated any intent to imply a civil cause of action under 18 U.S.C.

MEMORANDUM DECISION AND ORDER - 8

§ 1001. "The federal judiciary will not engraft a remedy on a statute, no matter how salutary, that Congress did not intend to provide." *Id.* (quoting *California v. Sierra Club*, 451 U.S. 287, 297 (1981)).

The Court must therefore dismiss Plaintiff's complaint for the additional reason that the Court lacks subject-matter jurisdiction.

3.  **Conclusion**

As noted above, courts are not required to grant leave to amend if amendment would be futile. *Lopez v. Smith*, 203 F.3d at 1129. Here, the defects of the Complaint, as identified above, are fundamental: the Court lacks subject-matter jurisdiction, and Plaintiff cannot show standing. There is no basis for believing that these defects can be rectified by amendment. Granting leave to amend, thus, would be a futile exercise.

The Court is mindful that Plaintiff is proceeding on a *pro se* basis and, thus, has construed his allegations liberally. No matter how liberal a construction is given, however, jurisdiction cannot be found when it does not, and cannot, exist. It is clear that dismissal is required under Rule 12(b)(1) and Rule 12(b)(6). It is equally evident that curative amendment is not possible and granting leave to amend would be a meaningless and hollow gesture. Accordingly, the Court will not grant leave to amend and will dismiss this action without prejudice.

## ORDER

**IT IS ORDERED that:**

1. Defendants Ada County Misdemeanor Probation and Dianna Arce-Chinchilla's Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to State a Claim (Dkt. 9) is **GRANTED.**

2. Plaintiff's Motion for Declaratory Judgment (Dkt. 14) is **DENIED** as moot.

DATED: January 24, 2022

B. Lynn Winmill
U.S. District Court Judge